UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JDOG FRANCHISES, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>NAF FAMILY GROUP INC. and<br>PEDRO BARNES,<br><br>              Defendants. | Civil Action No.: 2:24-cv-00285 |

**CONSENT INJUNCTION AND DISMISSAL ORDER**

The parties, JDog Franchises, LLC ("Plaintiff"), and Defendants, NAF Family Group Inc. and Pedro Barnes (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"), stipulated to the following:

WHEREAS, Plaintiff commenced the within action, by way of a Verified Complaint, on January 22, 2024, where in Plaintiff sought $433,772 (ECF No. 1);

WHEREAS, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking injunctive relief (ECF No. 2);

WHEREAS, the Parties have resolved all disputes raised in the Action, including the Motion for Temporary Restraining Order and Preliminary Injunction, in exchange for a payment by Defendants, jointly and severally, to Plaintiff, which revolves the amount sought by way of the Verified Complaint; and

It appearing upon the agreement of Plaintiff and Defendant to this Action,

**IT IS STIPULATED AND ORDERED** as follows:

The following terms are hereby defined for the purposes of this Stipulated Injunction and Dismissal Order:

(a) "Competitive Business" means any business that offers junk removal or hauling services; provided, however, that the term "Competitive Business" shall not apply to any business operated by a publicly-held entity in which Franchisee owns less than a five percent (5%) legal or beneficial interest;

(b) "Franchised Business" or "JDog Business" means the JDog Business operated by Defendants, jointly or severally, pursuant to the Franchise Agreements by and between Plaintiff and Defendants;

(c) "Mark" or "JDog Mark" means the service and logo marks for "JDog" and such other trade names, trademarks, service marks, trade dress, designs, graphics, logos, emblems, insignia, fascia, slogans, drawings, and other commercial symbols as Plaintiff designated to be used in connection with the JDog Business;

(d) "Territories" means the territories operated by Defendants' formerly-franchised JDog Business, including, but not limited to, Cleveland, Ohio and Brunswick, Ohio;

An injunction be and is hereby entered against each of the Defendants, jointly and severally, together with their respective officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with Defendants (hereinafter, the "Defendant Parties" and each a "Defendant Party"), which shall remain in force and effect, by agreement, up to and including February 6, 2026 (or two years from Defendants' full compliance with the terms hereof, whichever is later), as set forth below:

1. Enjoining each of the Defendant Parties from directly or indirectly offering Competitive Business services located or operating at or within a fifteen (15) mile radius of the Territories;

2. Enjoining each of the Defendant Parties from directly or indirectly offering Competitive Business services located or operating within a fifteen (15) mile radius of any other JDog Business in existence at the time of entry of this Consent Injunction and Dismissal Order;

3. Enjoining each of the Defendant Parties from using the JDog Mark or any other confusingly-similar name, device, mark, trademark, trade name, slogan, or symbol used in connection with any JDog franchise, including any reproduction, counterfeit copy, variation, emulation, or colorable imitation thereof in a manner which is likely to cause confusion or mistake or deceive the public;

4. Enjoining each of the Defendant Parties from seeking to employ any person who is employed by JDog or any JDog franchise, or otherwise induce or seek to induce such person to leave his or her employment, for the purposes of offering Competitive Business services;

5. Within ten (10) days of the date of this Order, Defendants shall deliver[1] to Plaintiffs all operating manuals, telephone numbers, URLs, social media pages (including, but not limited to Facebook), Google Business pages, Confidential Information (as defined in the Franchise Agreements), marketing and advertising materials, customer lists, and any other written materials containing any of JDog's trademarks, or otherwise related to Defendants' former Franchised Business, within Defendants' possession, custody, or control;

---

[1] To the extent completing transfer is not possible within ten (10) days of the date of this Order, Defendants must commence the transition process and make necessary written requests to effectuate such transfer, within ten (10) days of the date of this Order.

6. Defendants shall cease using any of Plaintiff's distinctive, proprietary, or confidential operational, administrative, or advertising techniques, systems, or know-how, or trade secrets that Plaintiff disclosed to Defendants;

7. Enjoining Defendants from holding themselves out as current or former JDog franchisees;

8. Enjoining Defendants from making, publishing, or communicating to any person or entity or in any public forum any defamatory or maliciously false remarks, comments, or statements concerning any other Party. For the avoidance of any doubt, Defendants shall be barred from communicating any of the non-public terms and conditions of this Settlement Agreement to any third-party, including, but not limited to, the media or on social media.

9. Enjoining Defendants' officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with Defendants or their respective officers, agents, servants, employees, or attorneys, from interfering or hindering Defendants' compliance with the terms of the Franchise Agreement;

10. Should Defendants' actions result in Plaintiff moving to enforce this Stipulated Injunction, including, but not limited to, filing a subsequent motion for a temporary restraining order and/or preliminary injunction, if successful, Plaintiff shall be entitled to their attorneys' fees and costs;

11. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff and Defendants, by and through their respective counsel, stipulate to the dismissal of all claims in this case without prejudice and, other than as set forth herein, with each party to bear its/his/her on costs and attorneys' fees.

12. The Court shall retain jurisdiction of this dispute to enforce this Stipulated Injunction.

This 6th day of February, 2024.

                            **THE FRANCHISE FIRM LLP**

By:   */s/ Evan M. Goldman*
       Evan M. Goldman, Esquire
       evan@thefranchisefirm.com
       225 Wilmington West Chester Pike, Suite 200
       Chadds Ford, Pennsylvania 19317
       Telephone: 215-965-1553

**NAF FAMILY GROUP INC.**

*[DocuSigned signature: 32C200700CC8493]*

Pedro Barnes, President

**PEDRO BARNES**

*[DocuSigned signature: 32C200700CC8493]*

Pedro Barnes, Individually

**AND ORDERED** in Philadelphia, Pennsylvania, on February 8, 2024.

_____
KAI N. SCOTT
United States District Judge